Leave to file granted Judge CK Kollar-Kotelly 3/30/2017

**U.S. DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JULIE BEBERMAN, | ) | |
| Plaintiff, | ) | CIVIL. NO. 16-02361 |
| v. | ) | ACTION FOR BACK PAY, |
| SECRETARY OF STATE REX TILLERSON, IN HIS OFFICIAL CAPACITY, | ) | INJUNCTIVE RELIEF, |
| | ) | AND DAMAGES |
| Defendant. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S 56(d) MOTION TO CONDUCT DISCOVERY

COMES NOW Plaintiff Julie Beberman, pro se, and requests to conduct discovery pursuant to Federal Rules of Civil Procedure 56(d). Plaintiff has not had an opportunity to conduct any discovery in this matter given that Defendant has filed a pre-discovery motion for summary judgment.

### I. Standards Applicable to Rule 56(d) Motions

"[S]ummary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery." Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quotation omitted). Indeed, "[t]he purpose of Rule 56[(d)] is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." 1443 Chapin St., LP v. PNC Bank, 258 F.R.D. 186, 187-189 (D.D.C. 2009) (quotation omitted). Although the decision whether to grant or deny relief under Rule 56(d) is entrusted to the Court's discretion, "a motion requesting time for additional discovery should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" Dinkel v. Medstar Health, Inc., 286 F.R.D. 28, 31 (D.D.C. 2012) (quoting Convertino v. U.S. Dep't of Justice, 684 F.3d 93, 99 (D.C. Cir.

Mail Room
MAR 28 2017
D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cir. 2012)). "That is particularly true where, as here, the court is presented with a pre-discovery motion for summary judgment. . . ." Id.

Beberman, "as the part[y] seeking relief under Rule 56(d) bear[s] the burden of making the required showing." Id. She must first "outline the particular facts" that she seeks to discover and "describe why those facts are necessary to the litigation." Convertino, 684 F.3d at 99. She must next explain why she could not produce the sought-after discovery in opposition to the Motion for Summary Judgment. Id. at 99-100. Finally, she "must show [that] the information is in fact discoverable." Id. at 100.

## II. Plaintiff's Grounds for Rule 56(d) Relief

In her First Amended Complaint Beberman alleges that Defendant retaliated against her when the State Department's Office of Civil Rights (OCR) terminating her collateral duty role as an EEO Counselor in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a.[1] First Am. Compl., ¶ 1. She claims that such retaliatory conduct is sufficient, in and of itself, to constitute an adverse action because it would cause a reasonable employee to be deterred from engaging in EEO protected activity. Id., ¶¶ 96, 97. She also alleges that her removal proximately caused her tenure deferral and denial in that her employee evaluation reports (EERs) subsequent to her termination as an EEO Counselor not only did not reflect her performance as an EEO Counselor, but also may have led the Commissioning and Tenure Boards (CTBs) to draw an adverse inference regarding the discontinuation of her service as an EEO Counselor, which is typically for a four-year term or more. Id., ¶¶ 100, 101, 113-115. Finally, Beberman claims that if she is

[1] In amending her Complaint as a matter of right pursuant to Federal Rules of Civil Procedure 15(a)(1)(B), Beberman also added allegations to show her past and ongoing exhaustion of administrative remedies, rendering moot Defendant's argument for dismissal for lack of exhaustion. First Am. Compl., ¶¶ 6-19, 25-26.

reconsidered for tenure by a reconstituted CTB, the facts that she was not reviewed on her performance as an EEO Counselor and that her EERs reflect her premature termination of her EEO Counselor role reduce the likelihood of such CTB recommending her for tenure and promotion. Id., ¶¶ 123-125.

In its Motion to Dismiss or, in the Alternative, for Summary Judgment, Defendant contends that Beberman's removal as an EEO Counselor did not constitute an adverse action. Defendant argues that removal of Beberman's service as an EEO Counselor, even if retaliatory, would not qualify as an adverse action. According to Defendant, the EERs that Beberman received prior to being nominated as an EEO Counselor were so negative that, even if she had been evaluated on her performance as an EEO Counselor, the CTBs would not have recommended her for tenure. Defendant's understanding is that Beberman's successful performance as an EEO Counselor would only show that she had developed her management skills, and would not pertain to any of the other criteria upon which Beberman's tenure consideration would depend. Finally, Defendant asserts that it had a legitimate non-discriminatory basis for terminating Beberman. Defendant supports its motion with affidavits of its officers, court filings in other cases, excerpts from the administrative file in this and other matters, and excerpts from Beberman's personnel file.

A. Outline of the Facts Beberman Seeks to Discover.

Beberman needs to conduct factual and expert discovery to show that her removal as an EEO Counselor constituted an adverse action. First, Beberman needs to conduct discovery to establish that her termination as an EEO Counselor was not a routine change to her duties with which the Court should not interfere for fear of "judicial micromanagement of business practices." Def. Mot. at 22 (quotation omitted). For example, Beberman will ask Defendant to

produce evidence of the steps that it took before terminating her, its decision-making process, the number of years that EEO Counselors typically serve, and Defendant's history of terminating EEO Counselors, particularly after their very first counseling assignment.

Next, Beberman will focus on discovering evidence tending to show that additional positive evaluations of her performance as an EEO Counselor would have demonstrated that she had overcome earlier perceived weaknesses, increasing the likelihood of past and future CTBs recommending her for tenure and promotion. For example, Beberman will seek discovery of OCR's view as to the skills that an EEO Counselor is likely to use and demonstrate, OCR's suggested language for raters and reviewers to include in EEO Counselors' EERs, and actual examples of EERs for EEO Counselors in which their EEO Counselor performance was evaluated. Defendant has produced an affidavit of a Human Resources representative who was not a percipient witness, in that she had no involvement in Beberman's consideration for tenure and promotion. Def. Mot., Exhibit 16. Beberman must be permitted to conduct expert discovery regarding this witness and be given an opportunity to procure an expert witness of her own to refute this expert's testimony.

Finally, Beberman must establish that the reasons that Defendant gives for terminating Beberman as an EEO Counselor were pretextual and that the real reason was retaliation for her prior EEO activities. For example, Beberman will seek evidence regarding the training Defendant provided her, the guidance it provided during her first counseling assignment, and the Aggrieved's perspective on whether she was biased in favor of the Aggrieved or the Defendant. To establish Defendant's retaliatory animus, Beberman will conduct discovery, including regarding OCR's handling of her cases and communications with and about her. Defendant relies on statements of two of its officers. Def. Mot., Exhibits 1, 17. "Plaintiff is entitled to test

the assertions made in those affidavits through discovery before being forced to respond to Defendant's motion." 1443 Chapin St., LP, 258 F.R.D. at 188.

B. Beberman Has Had No Opportunity to Conduct Discovery.

The administrative process at the agency level provides for the federal employer to conduct an investigation, but is not reciprocal. 29 C.F.R. § 1614.108. The employee has no opportunity to conduct any discovery until after seeking an administrative hearing or filing a civil action. Thus, Defendant has a leg up on Beberman at this juncture.

This matter is in its infancy. Because Defendant filed a combined motion for dismissal and summary judgment as its very first substantive filing in this matter, Beberman has not had the chance to conduct any discovery.

C. The Information is Discoverable.

All of the information that Beberman seeks is unclassified. Most of the information will not raise any privacy concerns. With regard to any documents that would contain non-relevant names or personally identifiable information, privacy can be protected by redaction. All of the information is in Defendant's possession, custody, or control, and not available to Beberman. Thus, the information is discoverable. See Dinkel, 286 F.R.D. at 33 (holding that when there is no bar to disclosure and "information is in the possession, custody, or control of one of the parties," inquiry merges with question of necessity of "sought-after discovery").

By outlining the facts she seeks to discover, explaining why she did not already conduct this discovery, and showing that the evidence she seeks is discoverable, Beberman has established the required basis for granting her Rule 56(d) motion, in accordance with Convertino. Her motion is further supported by her attached Declaration.

## III. Conclusion

For the foregoing reasons, Beberman requests that the Court allow her to conduct discovery before ruling on Defendant's motion. In light of her filing of the First Amended Complaint, Beberman respectfully suggests that the Court deny Defendant's instant motion without prejudice as premature, allow Defendant to renew its motion to dismiss or file its responsive pleading, and allow Defendant to renew its motion for summary judgment after the conclusion of discovery.

Respectfully submitted,

Dated: March 24, 2017

Julie A. Beberman, pro se
P.O. Box 7006
Arlington, VA 22207
(340) 277-1613
BebermanJA@state.gov
OilGenie@yahoo.com

# TABLE OF AUTHORITIES

## Cases

1443 Chapin St., LP v. PNC Bank,
258 F.R.D. 186, 187-189 (D.D.C. 2009) ........ 1, 5

Americable Int'l, Inc. v. Dep't of Navy,
129 F.3d 1271, 1274 (D.C. Cir. 1997) ........ 1

Convertino v. U.S. Dep't of Justice,
684 F.3d 93, 99 (D.C. Cir. 2012) ........ 2, 5

Dinkel v. Medstar Health, Inc.,
286 F.R.D. 28, 31 (D.D.C. 2012) ........ 1, 5

## Statutes

29 U.S.C. § 633a ........ 2

42 U.S.C. § 2000e-16 ........ 2

## Regulations

29 C.F.R. § 1614.108 ........ 5

## Rules

Federal Rules of Civil Procedure 15(a)(1)(B) ........ 2

Federal Rules of Civil Procedure 56(d) ........ 1, 2, 5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of March 2017, the foregoing Motion to Conduct Discovery Pursuant to Rule 56(d) and Plaintiff's Declaration in Support of Rule 56(d) Motion were served on Defendant via electronic mail to Mark Nebeker at mark.nebeker@usdoj.gov.

Dated: March 24, 2017

Julie A. Beberman, pro se
P.O. Box 7006
Arlington, VA 22207
(340) 277-1613
BebermanJA@state.gov
OilGenie@yahoo.com

**U.S. DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JULIE BEBERMAN,<br>Plaintiff,<br>v.<br>SECRETARY OF STATE REX TILLERSON, IN HIS OFFICIAL CAPACITY,<br>Defendant. | CIVIL. NO. 16-02361<br>ACTION FOR BACK PAY,<br>INJUNCTIVE RELIEF,<br>AND DAMAGES<br>JURY TRIAL DEMANDED |

## PLAINTIFF'S DECLARATION IN SUPPORT OF RULE 56(d) MOTION

I, Julie Beberman, declare the following to be true and correct:

1. I am the Plaintiff in this matter, appearing pro se.
2. I have not yet been given the opportunity to conduct any discovery in this matter.
3. I need to conduct factual and expert discovery to show that my removal as an EEO Counselor constituted an adverse action.
4. I must conduct discovery to establish that my termination as an EEO Counselor was not a routine change to my duties.
5. For example, I would seek evidence of the steps that Defendant took before terminating me, its decision-making process, the number of years that EEO Counselors typically serve, and Defendant's history of terminating EEO Counselors, particularly after their very first counseling assignment.
6. I need to conduct discovery to demonstrate that further positive evaluations of my performance as an EEO Counselor would have tended to show that I had overcome earlier perceived weaknesses and that this would increase the likelihood of past or future CTBs recommending me for tenure and promotion.

EXHIBIT 1

Received Mail Room
MAR 2 8 2017
Caesar, Clerk of Court

7. For example, I would seek discovery of the State Department Office of Civil Rights' (OCRs') perspective regarding the skills that an EEO Counselor is likely to use and demonstrate, OCR's suggested language for raters and reviewers to include in EEO Counselor's EERs, and actual examples of EERs for EEO Counselors in which their EEO Counselor performance is evaluated.
8. Because Defendant has produced an affidavit of a non-percipient Human Resources representative, who has made statements based on her personal knowledge, I need to conduct expert discovery regarding this witness.
9. I also need an opportunity to procure my own expert witness regarding the topics upon which Defendant's expert has opined.
10. I must establish that the reasons that Defendant gave for terminating me as an EEO Counselor were pretextual and that the real reason was retaliation for my prior EEO activities.
11. For example, I will seek evidence regarding Defendant's training for EEO Counselors, the guidance Defendant provided during my first counseling assignment, and the Aggrieved's perspective on whether I was biased in favor of the Aggrieved or the Defendant.
12. I also need to conduct discovery to establish Defendant's retaliatory animus.
13. For example, I will conduct discovery regarding OCR's handling of my cases and OCR's communications with and about me.
14. I also seek to conduct discovery to test the assertions made by Defendant's three affiants.
15. Defendant has had an opportunity to conduct an investigation and obtain evidence at the administrative level and I have not.

16. I have not had any opportunity to conduct discovery because Defendant filed its motion for summary judgment before the discovery period commenced in this matter.

17. All of the information that I seeks is unclassified.

18. Most of the information I seek will not raise any privacy concerns. With regard to any documents that would contain non-relevant names or personally identifiable information, privacy can be protected by redaction.

19. All of the information is in Defendant's possession, custody, or control, and is not available to me.

20. All of the information that I seek pertains to the elements that establish my retaliation claim, and is reasonably likely to show that the evidence Defendant has produced is disputed.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct:

Executed on this 24th day of March 2016.

Julie A. Beberman
Foreign Service Officer